**E-FILED**
Wednesday, 27 July, 2005  04:18:22 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal No.  04-30061 |
| | ) | |
| CHRISTIAN J. WELCH, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S COMMENTARY ON SENTENCING FACTORS**

NOW COMES the Defendant, CHRISTIAN J. WELCH, by his attorney, Assistant

Federal Defender Douglas J. Beevers, submits the following.  Defendant gives notice

that he intends to withdraw his objection to paragraph 17 of the pre-sentence report,

which will resolve all objections between the parties.  Defendant's current position:


I. The Probation Report Correctly Calculated the Guidelines

        Correct Final Guideline Offense Level:   21 (24 - 3 for acceptance)

        Correct Criminal History Category:     IV

        Guideline range of imprisonment:     57 - 71 months.

II. U.S.S.G. §5G1.3(b) Calculations

Defendant has been in custody on his current state offense listed in paragraph 39

which is for related conduct, since his state arrest on 3/31/04, thus he has been in

custody on the related offense for 15 months less 2 days by the date of sentencing.

Paragraph 82 of the PSR correctly indicates that the guidelines recommend that the

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 2*

Court adjust down the sentence to take account of any time which the defendant has

already served for the related state offense for which he will not receive credit from the

Bureau of Prisons. U.S.S.G. §5G1.3(b).

There are only three ways that an inmate can receive credit against a federal

sentence:

> There are three ways that an individual in custody can accrue federal jail
> credit: (1) credit for time spent in custody while actually serving a federal
> sentence; (2) credit for prior custody pursuant to 18 U.S.C. § 3585(b); and
> (3) credit for time spent in non-federal pre-sentence custody during which
> the inmate is denied bail because of a federal detainer, commonly referred
> to as [*6]  "Willis Credit". *See Willis v. United States*, 438 F.2d 923 (5th Cir.
> 1971): see also, Bureau of Prisons Program Statement 5880.28, Sentence
> Computation Manual. *Mendez v. Miner*, 2005 U.S. Dist. LEXIS 12432, *5
> (D.N.J. 2005).

Mr. Welch cannot receive "Willis Credit" because he was not detained federally on

instant case until after he was indicted for the federal offense on November 4, 2004

which was after he was sentenced in the state case on June 4, 2004. (PSR p. 1, para. 39)

Mr. Welch cannot receive credit from the Bureau of Prisons for any of the time

spent in state custody since his arrest on March 31, 2004, because his situation does not

fit the narrow requirements of the credit statute:

> (b) Credit for prior custody. A defendant shall be given credit toward the
> service of a term of imprisonment for any time he has spent in official
> detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested
> after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence. 18 U.S.C. §3585.

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 3*

The Supreme Court has held that prisoners are not allowed to "double-count" credit, or, in other words, have a period of time in pre-sentence custody count toward a subsequent federal sentence while also counting toward a state sentence. *United States v. Wilson*, 503 U.S. 329, 117 L. Ed. 2d 593, 112 S. Ct. 1351 (1992).

According to paragraph 39 of the PSR, Mr. Welch's projected discharge date on his related state case is 9/28/11 which is 7 ½ years after the date he was arrested on that offense amd his projected release date is 9/28/2008 which is exactly 4 ½ years after he was arrested. Since Illinois' applicable parole statute, 730 ILCS 5/3-6-3, makes Mr. Welch eligible for parole at 50% of 9 years he clearly received full credit for all time served to date and is scheduled to receive credit for the remainder of his state incarceration. Since he has only been in state custody he is not eligible for credit under §3585(b)(1) on his federal sentence. Since all of his current state imprisonment is being credited to his state sentence he cannot receive federal credit under §3585(b)(2) from the B.O.P.

U.S.S.G. §5G1.3(b)(2) requires that "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." In order to the time to run concurrently ths Court must impose a sentence which will effectively run concurrently. Mr. Wright contends that a recital in the judgment that the sentence is to run concurrent would be ineffective unless Mr. Wright is immediately delivered to the Attorney General for Service of his sentence

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 4*

prior to being returned to the Illinois authorities.  The Eighth Circuit has held that

where a prisoner was returned to state custody to face state charges after receiving his

original federal sentence, instead of being committed to custody of Bureau of Prisons to

commence service of sentence, he did not begin to serve his federal sentence at that

time. *United States v Cole,* 395 F3d 929 vacated on other grounds, 2005 U.S. App. LEXIS

13361 (8th Cir. 2005).  Mr. Welch's federal sentence cannot commence until he is

delivered to the federal Bureau of Prisons:

> (a) Commencement of sentence. A sentence to a term of imprisonment
> commences on the date the defendant is received in custody awaiting
> transportation to, or arrives voluntarily to commence service of sentence
> at, the official detention facility at which the sentence is to be served. 18
> U.S.C. §3585(a).

If Mr. Welch is not delivered to the Bureau of Prisons until he is paroled after 9/28/08,

the Bureau of Prisons he would be given credit for the state time only if the BOP

determines that the time in state prison was "a result of the (federal) offense." 18 U.S.C.

§3585(b)(1).  Mr. Welch contends that the B.O. P. will not necessarily recognize the

concurrent sentence unless he is delivered to United States Attorney General who can

then designate the state authorities as a place of incarceration.

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 5*

III. Discretionary Factors

The Seventh Circuit has held that the sentencing guidelines are presumptively

reasonable. *United States v. Mykytiuk*, 4__ F.3d ___, 2005 U.S. App. LEXIS 13508

(7th Cir. July 7, 2005).   Under the guideline system the application of U.S.S.G. §5G1.3(b)

is mandatory. *United States v Lynch*, 378 F3d 445 (5th Cir. 2004).  Mr. Welch contend that

it would be unreasonable not to follow the guidelines recommendation in this case,

because defendant committed the offense when the sentencing guidelines effectively

capped his sentencing exposure at the guideline maximum.  When Mr. Welch pled

guilty in state court on 6/10/04 to an offense which was parallel to federal offenses, he

should have been entitled to rely on binding federal law which held that the federal

sentencing guidelines were binding and did not permit consecutive sentences.

Although the Supreme Court changed the maximum exposure from the guideline

maximum to the statutory maximum seven months later in *United States v. Booker*, 5__

U.S. ___, 125 S.Ct. 738, 160 L. Ed. 2d 621 (2005) applying the remedial holding to impose

a sentence which would have been illegal when Mr. Welch pled in state court prior to

*Booker* would be unreasonable as retrospectively altering the terms of a contract.  Such a

sentence would create the appearance of *ex post* facto sentencing even if it does not fit

the technical requirements of ex post facto.

Since the Court is required by 18 U.S.C. §3553(a)(7) take into account " the need

to avoid unwarranted sentencing disparities" among similarly situated defendants an

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 6*

above the guideline sentence would unreasonably create disparity between defendants

sentenced before *Booker* and after *Booker*.  Mr. Welch also contends that a failure to

follow the guidelines in this case would create unwarranted effective sentencing

disparity between federal defendants who are also charged by state authorities and

those who are only charged federally.


IV. Conclusion

Mr. Welch request the Court impose a guideline sentence concurrent to his state

sentence and order that the sentence commence immediately.



Respectfully submitted,

Richard H. Parsons
Chief Federal Public Defender

BY:___s/ Douglas J. Beevers_____
   Douglas J. Beevers
   Assistant Federal Defender
   600 East Adams Street, 2nd Floor
   Springfield, Illinois  62701
   Telephone: (217) 492-5070
   Fax: (217) 492-5077
   E-mail: douglas_beevers@fd.org

*United States v. Welch*
*Cr. 04-30061*
*Sentencing Commentary*
*Page 7*

<u>PROOF OF SERVICE</u>

I hereby certify that on July 27, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AUSA Esteban Sanchez
Office of the United States Attorney
318 S. Sixth Street
Springfield, IL 62701

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

Mr. Kevin Kelly
127 U.S. Courthouse
600 E. Monroe St.
Springfield, IL 62701

By: ___s/ Douglas J. Beevers_____
Douglas J. Beevers
Assistant Federal Defender
600 East Adams Street, 2nd Floor
Springfield, Illinois  62701
Telephone: (217) 492-5070
Fax: (217) 492-5077
E-mail: douglas_beevers@fd.org